**SETTLES v. BONUSO.**

**No. 864.**

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 7, 1949.

Decided Dec. 12, 1949.

William H. Brain, with whom Joseph C. Turco and Norman S. Bowles, Jr., Washington, D. C., were on the brief, for appellant.

Joseph G. Weeda, Washington, D. C., with whom Joseph M. Bonuso, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant sued for the value of a fur coat alleged to have been left for storage with appellee and not returned. Appellant's evidence was that she delivered the coat to a friend who took it to appellee's place of business and received a receipt for it, and that when appellant called for the coat appellee tendered her a different coat. Appellee's evidence was that the coat tendered was the same coat he had received. Thus the whole controversy was based on whether the coat tendered by appellee—which tender was renewed at trial—was the same coat received by appellee from appellant's friend.

The trial court found (1) that appellant did not sustain the burden of proof that her coat was delivered to appellee, and (2) that the coat produced in court was the coat that Willams, appellant's friend, delivered to appellee. Accordingly judgment was ordered for appellee.

Appellant attacks both findings as not being supported by substantial evidence. The evidence was conflicting and much of its value depended on the credibility accorded the witnesses. There was both direct and circumstantial evidence that the coat tendered appellant was the coat delivered to appellee by appellant's friend. This evidence, if accepted by the trial court, gave substantial support to its findings. We are bound by such findings.

Error is also assigned with respect to the cross-examination of appellant's witness Williams. This witness testified he received the coat from appellant and delivered it to appellee, but his testimony in many respects was vague and unsatisfactory, and a wide latitude was permitted in cross-examination in an effort to clarify his testimony as well as to test his credibility. We find no error in this.

Affirmed.